## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JAMES LEE LISTER,

      Plaintiff,

v.

                                          Case No. 16-cv-1038-JTM

CITY OF WICHITA, KANSAS,

      Defendant.

### MEMORANDUM AND ORDER

Plaintiff James Lister brings this pro se employment discrimination action under Title VII of the Civil Rights Act of 1964, against defendant City of Wichita. The matter is now before the court on the City's motion to dismiss, which argues that dismissal pursuant to Fed. R. Civ. P. 12(b)(6) is warranted because Lister failed to exhaust his administrative remedies by not filing his Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the alleged unlawful acts. Dkt. 9. For the following reasons, the court grants the City's motion.

## I.      FACTUAL BACKGROUND

The City hired Lister as a laborer in the Department of Public Works and Utilities on or about August 4, 2014. Dkt. 1 at 17.[1] On or about September 23, 2014, the City terminated Lister's employment. *Id.* at 13, 29.

Lister filed a Charge of Discrimination with the EEOC on October 13, 2015. *Id.* at 13, EEOC Charge. He marked race and retaliation as the basis for the alleged discrimination. *Id.* He

---

[1] Lister attached a number of documents to his Complaint, including his EEOC charge and notice of right to sue, his grievance letter, and various notes. In deciding this motion, the Court considers all attachments to be part of the complaint. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (court examines documents incorporated into the complaint by reference); *Rosenfield v. HSBC Bank, USA*, 681 F.3d 1172, 1189 (10th Cir. 2012) (court examines documents attached to the complaint).

indicated the discrimination took place the earliest and latest on September 23, 2014. *Id.* He

stated the particulars as follows:

> While I was working for the City, my supervisor harassed, degraded, threatened, and intimidated me. My supervisor made racially derogatory statements and called me racially derogatory names.
>
> On or about September 23, 2014, I was discharged for reporting that my driver's license was suspended, which was a requirement of my job according to City policy.
>
> I believe I was harassed and discharged because of my race (black), and I was discharged in retaliation for complaining about employment discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended.

*Id.*

On October 19, 2015, the EEOC dismissed Lister's charge because "[it] was not timely

filed with EEOC." *Id.* at 9, Dismissal and Notice of Rights Letter. On February 4, 2016, Lister

filed an employment discrimination complaint with this court, alleging verbal harassment based

on his race, wrongful termination, and retaliation. *Id.*, Complaint at 3.[2] In support of these

claims, he alleged that:

> On or around July 2015, I started working for the City of Wichita, while in orenitation (sic) I received a meter ticket[.] I called the DA told them and they said they would get it taken care, about month half later[,] I went to go take my CDL test where I found out my license was suspended. I followed the handbook and called my supervisor Joe, told him. Later on I was fired for not having a DL, and they lied said I was driving city vehicles, also was racial harresment (sic).

*Id.* He also alleged, "during the time of [his] employment, while on Kerry's crew, [he] was

harassed [sic] made fun of for being bi-racial[,] was called stupid, [and] was intimidated by

Bruce and Kerry." *Id.* at 7. He further alleged that "the City has [] black balled me for filing

grievances and complaints with EEOC[,]" and that he "has applied for 6-city jobs." *Id.* at 7-8.

---

[2] Lister also alleged a violation of the City's "own handbook" but the court considers that a part of the wrongful termination claim. Dkt. 1 at 3.

## II.    LEGAL STANDARD

Under Rule 12(b)(6), dismissal of a suit is appropriate when the complaint fails to state a claim on which relief can be granted. Fed. R. Civ. P. 12(b)(6). "[T]o withstand a Rule 12(b)(6) motion to dismiss, a complaint must contain enough allegations of fact, taken as true, 'to state a claim to relief that is plausible on its face.'" *Khalik v. United Air lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009). In evaluating a motion to dismiss, the court views all allegations in the complaint as true. *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "[The court] will disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." *Khalik*, 671 F.3d at 1191.

In order to bring a claim under Title VII, a plaintiff must have first exhausted his administrative remedies. *Aramburu v. Boeing Co.*, 112 F.3d 1398, 1409 (10th Cir. 1997). The purpose of this administrative filing requirement is to provide the employer with notice of the charges as well as an opportunity to comply voluntarily with the statutes. *Aguirre v. McCaw RCC Commc'ns, Inc.*, 923 F. Supp. 1431, 1433 (D. Kan. 1996). The Supreme Court has held that "strict adherence to the procedural requirements . . . is the best guarantee of evenhanded administration of the law." *Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980).

To exhaust administrative remedies, a plaintiff must timely file a charge of discrimination with the EEOC. *See Jones v. UPS, Inc.*, 502 F.3d 1176, 1183 (10th Cir. 2007) (describing two-step inquiry for exhaustion; the first step examines the filing of a charge and its timeliness and the second step looks at the scope of the allegations in the charge). In a deferral state such as

3

Kansas, a Title VII claimant must file his discrimination charge within 300 days of the challenged action. *Davidson v. Am. Online, Inc.*, 337 F.3d 1179, 1183 (10th Cir. 2003); 42 U.S.C. § 2000e-5(e)(1). A cause of action for discrimination accrues on the date an employee is notified of the adverse employment decision. *Hulsey v. Kmart, Inc.*, 43 F.3d 555, 557 (10th Cir. 1994) (citations omitted). An employee receives notice when the employer announces a particular event or decision. *Id.* The timely filing of an EEOC charge is not a jurisdictional prerequisite to suit in federal court. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982) Instead, "it is best likened to a statute of limitations . . . subject to waiver, estoppel and equitable tolling." *Beaird v. Seagate Tech., Inc.*, 145 F.3d 1159, 1174-75 (10th Cir. 1998).

Exhaustion also requires an inquiry into the scope of the EEOC charge. "A plaintiff's claim in federal court is generally limited by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination submitted to the EEOC." *Jones*, 502 F.3d at 1186 (*quoting MacKenzie v. City and County of Denver*, 414 F.3d 1266, 1274 (10th Cir. 2005)). "[The] charge must contain facts concerning the discriminatory and retaliatory actions underlying each claim; this follows from the rule that 'each discrete incident' of alleged discrimination or retaliation constitutes its own 'unlawful employment practice' for which administrative remedies must be exhausted." *Id.* (internal quotations and citations omitted). In other words, if a plaintiff fails to allege a claim in the EEOC charge, he cannot bring that claim in federal court. Existing Tenth Circuit precedent holds that a plaintiff's failure to allege a discrete incident of discrimination or retaliation within the scope of the administrative charge serves as a jurisdictional bar to suit. *Green v. Donahoe*, 760 F.3d 1135, 1140 (10th Cir. 2014) (scope component of exhaustion deprives the court of jurisdiction), *vacated and remanded on other grounds*, 136 S. Ct. 1769 (2016).

## III.   ANALYSIS

Lister alleged that racial harassment occurred during his employment, which was from August 2014 to September 2014. Dkt. 1 at 7.[3] He further alleged that he was "discharged in retaliation for complaining about employment discrimination . . . ," (*id.* at 13), and that "[he] was informed that [he] was fired" on September 22, 2014 (*id.* at 20). On his EEOC charge, he indicated that the discrimination took place at the earliest and latest on September 23, 2014. *Id.* at 13. Using that date, Lister's deadline to file an EEOC charge expired on July 21, 2015. Lister filed his EEOC charge on October 13, 2015, 84 days after the deadline expired.

In his response to the City's motion to dismiss, Lister explained that he went past the filing limit because he waited two months to receive a reply to his grievance and for responses from the labor union and a mediator to assist him with his case. Dkt. 11. Lister also claimed being homeless made things difficult for him. To the extent that these assertions are an effort to show that equitable tolling is appropriate, they are inadequate to prevent dismissal. *See Montoya v. Chao*, 296 F.3d 952, 958 (10th Cir. 2002) (holding that difficulties faced by many litigants – limited education and little understanding of the law - are insufficient to justify equitable tolling); *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (explaining that pro se litigants must comply with procedural rules that govern other litigants). The Tenth Circuit narrowly construes equitable tolling. *Pyles v. Boeing Co.*, 187 F.Supp.2d 1311, 1315-16 (D. Kan. 2002) (*citing Biester v. Midwest Health Servs., Inc.*, 77 F.3d 1264, 1267 (10th Cir. 1996) (noting the narrow construction of equitable exceptions to Title VII's time limitations)). To show that

---

[3] Because the supporting documents Lister attached to his complaint indicate that his employment with the City was in 2014, the court assumes that Lister simply misstated the year when he alleged that the discrimination occurred between July 2015 to September 2015 (Dkt. 1, Employment Discrimination Complaint at 2, ¶ 3) and that he started working for the City on or around July 2015 (Id. at 3, ¶ 10). Additionally, it appears that Lister transposed the months August and September when he indicated a hire date of September 4, 2014, and a fire date of August 22, 2014, in a grievance letter. *Id.* at 20, Grievance Letter.

5

equitable tolling is appropriate, Lister must allege active deception by his employer, the EEOC, or the court. *Hulsey*, 43 F.3d at 557. He has not done so. Because Lister filed his EEOC charge 84 days after the deadline expired and equitable tolling does not apply, his claims based during his employment are time-barred. Thus, Lister has failed to exhaust his administrative remedies as to these claims.

As for his claim for retaliatory blackballing, the court finds it lacks subject matter jurisdiction over it since Lister failed to allege any facts concerning blackballing in his EEOC charge. *Green*, 760 F.3d at 1140; s*ee also Perrigo v. Unified School Dist. No. 500*, Case No. 13-2363-EFM, 2014 WL 1767184, *2-3 (D. Kan. May 2, 2014) (dismissing claims for retaliation and harassment for lack of subject matter jurisdiction due to their absence in plaintiff's EEOC filing). Lister therefore failed to exhaust all available administrative remedies with respect to this claim and, as such, it must be dismissed.

In sum, Lister has failed to state a claim upon which relief can be granted. Accordingly, the court dismisses this action.

**IT IS THEREFORE ORDERED** that the City's motion to dismiss (Dkt. 9) is G**RANTED**.

**IT IS SO ORDERED** this 23rd day of June 2016.


s/  J. Thomas Marten
J. THOMAS MARTEN, Judge